UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EILENE GEORGIANNA PENNINGTON,

      Plaintiff,                                  Case No: 1:12-cv-775

v                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs (Dkt 18), requesting $4,286.15, as detailed in the motion. Defendant did not oppose the motion (Dkt 20). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny in part and grant in part Plaintiff's motion, and instead award Plaintiff $3,312.50 in fees and costs (Dkt 21). The matter is before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 22). Defendant did not file a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies Plaintiff's objection and approves and adopts the Report and Recommendation.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism for a party to recover her fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States government. The statute provides that the court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's

position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007).

There is no dispute that these conditions have been satisfied in this case, nor is there any objection to the number of hours Plaintiff's counsel claimed. The objection at bar concerns the requested hourly rate of $180.85. Under the EAJA, "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argued that they should receive an increased hourly rate based on (1) inflation, (2) the Department of Labor's Consumer Price Index (CPI), and (3) the firm's increased costs of litigating cases. However, the Magistrate Judge determined Plaintiff had not carried her evidentiary burden to justify compensation at any rate above the statutory cap. The Magistrate Judge rejected the rise in inflation, as supported by the CPI, as sufficient evidence in support of the requested increase (Dkt 21, R&R at 3, citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (holding that submission of the CPI and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA)). The Magistrate Judge also rejected the firm's increased costs of litigating cases as sufficient evidence to carry Plaintiff's burden of supporting the requested increase (*id.* at 4). The Magistrate Judge concluded that the maximum hourly rate provided was instead "adequate and appropriate compensation for the work performed" (*id.*).

In her objection, Plaintiff emphasizes that the parties agreed to the $180.85 hourly rate and

2

contends that it was therefore "inappropriate" for the Magistrate Judge to "sua sponte" disturb their agreement. The three out-of-circuit cases upon which Plaintiff relies for her contention are of marginal value. *See United States v. Eleven Vehicles*, 200 F.3d 203, 212 (3d Cir. 2000) (holding that the "circuit's precedent ... binds the district court not to reduce the fee amount requested sua sponte, in the absence of a Government objection"). Indeed, two of Plaintiff's out-of-circuit cases do not address the EAJA fee provision but concern sua sponte decisions by district courts on other issues. *See Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d. Cir. 2011) (perceived billing flaws); *Kornhauser v. Comm'r of Soc. Sec.*, 685 F.3d 1254 (11th Cir. 2012) (local rules pertaining to margins and footnote size).

Plaintiff does not identify social security precedent within the Sixth Circuit prohibiting or discouraging a district court from examining an agreed-upon hourly rate, and, absent authority to the contrary, the Court is not convinced that the parties' agreement absolves a court of performing the inquiry required by 28 U.S.C. § 2412(d)(2)(A). *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (recognizing that "[e]ligibility for fees is established upon meeting the four conditions set out by the statute, but a district court will always retain substantial discretion in fixing the amount of an EAJA award").

Accordingly, the Court finds that the Magistrate Judge applied the correct legal standard in examining whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee," 28 U.S.C. § 2412(d)(2)(A). *See, e.g., Montgomery v. Astrue*, No. 3:11-cv-256, 2012 WL 2064473, at *4 (S.D. Ohio June 7, 2012) (concluding that it will, "on a case-by-case basis, make a determination of the appropriateness of the requested hourly fee and whether the requesting litigant has satisfied the

3

*Bryant* requirement regardless of whether the Commissioner specifically objects to the amount of the requested hourly fee"), Report & Recommendation adopted sub nom. *Montgomery v. Comm'r of Soc. Sec.*, No. 3:12-cv-256, 2012 WL 2412069 (S.D. Ohio June 26, 2012). Moreover, the Court agrees that the Magistrate Judge properly determined that Plaintiff did not present the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate. In sum, Plaintiff's objection does not convince the Court of any error requiring a disposition of this case other than that recommended by the Magistrate Judge. Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 22) is DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 21) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Dkt 18) is GRANTED IN PART and DENIED IN PART; Plaintiff is awarded $3,312.50 in fees and costs.


Dated: July 24, 2013                            /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge